IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MAGANA,<br><br>        Petitioner,<br><br>  v.<br><br>M. MCDONALD,<br><br>        Respondent. | No. C 10-2083 LHK (PR)<br><br>ORDER GRANTING MOTION TO DISMISS PETITION; DENYING CERTIFICATE OF APPEALABILITY<br><br>(Docket No. 5) |

Petitioner, a California prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered Respondent to show cause why the petition should not be granted. Respondent has moved to dismiss the petition as untimely. Petitioner has filed an opposition. Respondent has filed a reply. Having reviewed the papers and the underlying record, the Court concludes that Petitioner's habeas petition is untimely, GRANTS Respondent's motion to dismiss, and DISMISSES the petition with prejudice.

**BACKGROUND**

Petitioner was sentenced in Santa Clara County Superior Court to 50 years to life for first degree murder with personal use of a firearm, and possession of a firearm by a felon. (Mot., p. 2; Petition, p. 2.) On February 7, 2007, the California Court of Appeal affirmed. (Mot., Ex. 1.) On April 25, 2007, the California Supreme Court denied review. (Mot., Ex. 3.) Petitioner did not file a petition for certiorari to the United States Supreme Court, nor did he file any state habeas petitions. Petitioner thereafter filed the instant petition on April 28, 2010. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
P:\PRO-SE\SJ.LHK\HC.10\magana083mtdtime.wpd

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

"Direct review" includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, Petitioner's conviction became final on July 24, 2007, ninety days after the California Supreme Court denied his petition for review. *See id.* Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period began to run the following day, and expired one year later, on July 24, 2008. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). The instant petition was filed almost two years later, on April 28, 2010. *See Lack*, 487 U.S. at 276. Thus, absent tolling, the instant petition is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)). Here, Petitioner does not argue that he filed any state

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
P:\PRO-SE\SJ.LHK\HC.10\magana083mtdtime.wpd     2

post-conviction petitions, and thus, there is no basis for statutory tolling in this case. Because statutory tolling does not render the petition timely, the Court must decide whether equitable tolling saves the petition.

The Supreme Court has determined that § 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). In *Holland*, the Supreme Court relied on the standard set forth in its earlier decision in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), that "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. At 2562 (quoting *Pace*, 544 U.S. at 418); *accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Holland*, 130 S. Ct. at 2565.

The Ninth Circuit has held that the petitioner bears the burden of showing that "'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (holding that where prisoner fails to show causal connection between self-representation on direct appeal or physical and mental disabilities and inability to timely file petition, district court's finding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error). He must, furthermore, show that his untimeliness was caused by an external impediment and not by his own lack of diligence. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007) (no equitable tolling where petitioner was not diligent in that he failed to seek any state court relief for six years, or to take advantage of available paralegal assistance).

Petitioner argues that the statute of limitations should be equitably tolled because: (1) he believed that the Northern California Innocence Project was actively working on his case, and (2) he has little to no understanding of English as he is of Hispanic descent.

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
P:\PRO-SE\SJ.LHK\HC.10\magana083mtdtime.wpd         3

In his opposition, Petitioner asserts that, in 2007, with the help of a fellow inmate, he contacted the Northern California Innocence Project ("NCIP") for assistance. (Opp., p. 6.) On March 9, 2007, the NCIP wrote to Petitioner and requested that he send his trial transcripts and appellate briefs to them for review. (*Id.*; Reply, Ex. 1.) In February 2010, Petitioner asked another inmate to help him with his "legal situation." (Opp., p. 7.) On February 28, 2010, this inmate wrote to NCIP to inquire about the status of Petitioner's case. (Opp., Ex. 1.) Specifically, he asked about the location of Petitioner's legal documents and whether NCIP was going to take his case. (*Id.*) On April 5, 2010, NCIP mailed copies of Petitioner's appellate briefs to him and informed Petitioner that they were still reviewing his case. (Opp., p. 8.) Petitioner argues that, although he was mistaken in his belief that NCIP was representing him, his communication with NCIP demonstrates he was diligently pursuing his case, and that NCIP's retention of his legal documents was an extraordinary circumstance that made it impossible for him to file his federal petition on time. (*Id.*)

However, for a period of at least two years – from an undetermined date in 2007 through February 2010 – Petitioner does not allege that he made any efforts to contact NCIP or pursue his legal remedies in any other fashion. Thus, Petitioner has not demonstrated that he was diligent in pursing his rights. *Cf. Bryant*, 499 F.3d at 1061(affirming the denial of equitable tolling because the petitioner failed to demonstrate any effort to seek relief for six years). Moreover, contrary to Petitioner's assertion that he believed NCIP was handling his case, Petitioner's February 2010 letter to NCIP requested knowledge of NCIP's intentions regarding his case and asked to be forwarded his documents "[i]f the Innocence Project has no intention of tak[ing] his case." (Opp., Ex. 1.) In addition, even assuming that Petitioner believed that NCIP was representing him, according to a translation of NCIP's March 9, 2007 letter, NCIP explicitly informed him that he must continue to pursue all remedies on his own. (Reply, Ex. 1.) Thus, Petitioner has not demonstrated that his belief that NCIP was "working" on his case was the cause of any untimely filing. *See Gaston*, 417 F.3d at 1034-35. Finally, the Court rejects Petitioner's claim that NCIP's retention of his legal documents was an "extraordinary circumstance" that prevented him from filing on time. While the deprivation of legal materials has been held to warrant equitable tolling, *see Lott v. Mueller*, 304 F.3d 918, 924-25 (9th Cir. 2002), Petitioner still must demonstrate "diligence and that the hardship caused by lack of access to his materials was an extraordinary circumstance that caused him to file his petition

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
P:\PRO-SE\SJ.LHK\HC.10\magana083mtdtime.wpd        4

almost a year late." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009). Not only did Petitioner send his legal materials to NCIP of his own volition, and apparently, without making copies beforehand, but he also fails to show "specific instances where he needed a particular document . . . and could not have procured that particular document when needed." *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010 (per curiam) (quoting *Waldron-Ramsey*, 556 F.3d at 1013-14).

Petitioner's assertion that he has limited English capabilities and little knowledge of the law is equally unavailing. Although the Ninth Circuit has rejected a per se rule that language limitations justify equitable tolling, it has recognized that language barriers that actually prevent timely filing may warrant equitable tolling. *See Mendoza v. Carey*, 449 F.3d 1065, 1069-70 (9th Cir. 2006). The Ninth Circuit stated that, to warrant equitable tolling, a "non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Id.* at 1070. Here again, Petitioner fails to demonstrate diligence. He proffers no evidence that he attempted to ascertain any information or assistance from 2007 through February 2010 in the pursuit of his legal remedies. Nor does Petitioner assert that he was unable to locate translation assistance in prison. In fact, Petitioner concedes that since he arrived in prison, "he has been receiving assistance from fellow inmates . . . to prepare his letters and legal papers." (Opp., p. 7.) In sum, Petitioner has not shown that his difficulties with the English language caused him to miss the filing deadline, nor has he shown that they made it impossible for him to file a petition on time. *See Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

Further, Petitioner's ignorance of the legal process does not amount to the sort or extraordinary circumstance warranting equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). To the extent it can be construed that Petitioner argues that he is actually innocent, "actual innocence" is not available to a petitioner whose original petition is otherwise barred by AEDPA's limitations period. *See Lee v. Lampert*, 610 F.3d 1125, 1136 (9th Cir. 2010) (reversing and remanding to dismiss habeas petition as untimely

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
P:\PRO-SE\SJ.LHK\HC.10\magana083mtdtime.wpd         5

upon concluding "there is no 'actual innocence' exception to the one-year statute of limitations for filing an original petition for habeas corpus relief").

Accordingly, because Petitioner is not entitled to statutory or equitable tolling, his federal habeas petition is untimely.

## CONCLUSION

Respondent's motion to dismiss is GRANTED, and the petition is DISMISSED with prejudice. The Clerk shall enter judgment and close the file.

## CERTIFICATE OF APPEALABILITY

For the reasons set out in the discussion above, Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: 12/6/2010

                                          LUCY H. KOH
                                          United States District Judge